**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| REINALDO DE ALMEIDA ROQUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-419 |
| | ) | Judge Stephanie L. Haines |
| WARDEN, MOSHANNON VALLEY | ) | |
| PROCESSING CENTER, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Reinaldo De Almeida Roque ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on March 11, 2026, (ECF No. 1), and a Motion to Expedite on the same day (ECF No. 2). The Court ordered service of the Petition (ECF No. 5) on March 18, 2026. Samantha Stewart, of the United States Attorney's Office entered her appearance for Respondents on March 20, 2026 (ECF No. 6). Respondents filed a Response (ECF No. 7), which indicated that Petitioner received a bond hearing on March 2, 2026, and was denied release on bond because an Immigration Judge determined that he was a flight risk. ECF No. 7, p. 3. Respondents also informed the Court that Petitioner had requested and been granted voluntary departure. ECF No. 7, p. 3. Accordingly, on May 4, 2026, Respondents, filed a Notice of Suggestion of Mootness (ECF No. 8), that indicated that Petitioner was granted voluntary departure on April 7, 2026, and he was removed from the United States on April 29, 2026. ECF No. 8, pp. 1-2.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an

issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's removal, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 4th day of May, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

IT IS FURTHER ORDERED that the Motion to Expedite (ECF No. 2) is also DISMISSED as moot.

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2